The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID PETERSON, as an individual and derivatively on behalf of VOICEBOX TECHNOLOGIES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KENNEWICK, an individual, RICHARD KENNEWICK, an individual, ROBERT KENNEWICK, an individual, NUANCE COMMUNICATIONS, INC., a Delaware corporation, and VOICEBOX TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 2:18-cv-01302-BJR<br><br>**DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S**<br><br>**OPPOSITION TO MOTION TO REMAND** |

Defendants Nuance Communications, Inc. ("Nuance") and Voicebox Technologies Corporation ("Voicebox") hereby oppose the Motion to Remand to State Court (Dkt. 13) filed by Plaintiff David Peterson ("Peterson").

This Court has diversity jurisdiction over Peterson's employment claim for wages against Voicebox and Nuance. Plaintiff Peterson is a citizen of Washington State; Defendants Voicebox and Nuance are citizens of Massachusetts and Delaware; and Peterson seeks from them over $450,000 in double damages for wages allegedly owed. Peterson contends Voicebox's and Nuance's statutory right to remove to federal court was defeated because Peterson joined an

**DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND** -1

Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

unrelated shareholder dispute against non-diverse defendants, the Kennewicks. As explained below, Peterson is wrong. His joinder of those unrelated claims was plainly improper and, for that reason, did not defeat the removal right. This Court should sever and remand Peterson's shareholder claims against the Kennewicks (or dismiss them without prejudice), while retaining its diversity jurisdiction over Peterson's wage claim against Voicebox and Nuance.[1]

## I. STATEMENT OF FACTS

On August 7, 2018, Peterson commenced suit by serving on Nuance an unfiled state-court Complaint. Notice of Removal (Dkt. 1), ¶2; Declaration of Gregory J. Hallon (Dkt. 11), ¶¶2-3. On August 31, 2018, Nuance and Voicebox timely removed the Complaint to this Court, basing subject matter jurisdiction on diversity of citizenship. Notice of Removal (Dkt. 1).

Peterson's claims against Voicebox and Nuance arise out of Peterson's prior employment by Voicebox. Complaint (Dkt. 1-1), ¶¶2.1, 4.31-4.34. Nuance never employed Peterson, but on or about April 2, 2018, Nuance bought all of the stock in Voicebox, making Voicebox a wholly-owned indirect subsidiary of Nuance. Complaint, ¶4.11. Thereafter, on or about April 17, 2018, Voicebox terminated Peterson's employment. Complaint, ¶4.31.[2] Pursuant to a Severance and Change in Control Agreement between Peterson and Voicebox dated January 15, 2015 (the "Severance Agreement"), this termination contractually obligated Voicebox to offer severance pay to Peterson. Complaint, ¶4.32. Peterson disagreed about the amount of severance pay that Voicebox was required to offer. Complaint, ¶¶4.33-34. As a result of that disagreement, Peterson asserts claims against Voicebox (and Nuance) for wages allegedly due of $234,587.59,

---

[1] Voicebox and Nuance had intended to move for the severance and remand of Peterson's shareholder claim against the Kennewicks. Prior to doing so, counsel for Voicebox/Nuance emailed Peterson's counsel on September 4, 2018, asking whether they would stipulate to that relief. Greg Hollon, counsel for Peterson, responded on September 5, 2018, that they were not willing to stipulate "at this point" but were "doing some further analysis." Peterson's counsel did not communicate further with Voicebox/Nuance's counsel regarding severance or remand before filing this Motion to Remand. With Peterson having now filed his Motion to Remand, Voicebox/Nuance respectfully request that the Court treat this opposition as a motion for severance and remand of only the claims against the Kennewicks.

[2] Peterson alleges Nuance terminated his employment, but as the Complaint makes clear, his employment relationship was with Voicebox, not Nuance.

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND
Case No. 2:18-cv-01302-BJR

- 2 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1  and double damages pursuant to Washington statute.  Complaint, ¶¶6.1 – 8.6.  Only Voicebox
2  and Nuance are defendants on this wage claim; Peterson does *not* assert this claim against the
3  Kennewicks.  Complaint, ¶¶6.1-8.6.  We will refer to this claim as the "Employment Lawsuit."

4        There is complete diversity of citizenship with respect to the Employment Lawsuit.
5  Peterson is a citizen of the state of Washington.  Notice of Removal (Dkt. 1), ¶7.  This is
6  uncontested.  Complaint (Dkt. 1-1), ¶2.1.  Defendant Nuance is a citizen of the states of
7  Delaware and Massachusetts, because it is incorporated in Delaware and has its principle place
8  of business in Massachusetts.  Notice of Removal (Dkt. 1), ¶8.  This is also uncontested.
9  Complaint (Dkt. 1-1), ¶2.5.  Voicebox is a citizen of Delaware because it is incorporated in
10  Delaware, and this is uncontested.  Notice of Removal (Dkt. 1), ¶8; Complaint (Dkt. 1-1), ¶2.6.
11  Voicebox also is a citizen of Massachusetts, because it has its principle place of business in
12  Massachusetts.  Notice of Removal (Dkt. 1), ¶8; Declaration of Leanne Fitzgerald in Support of
13  Opposition to Motion to Remand ("Fitzgerald Decl."), ¶2.  Peterson alleges that Voicebox's
14  principal place of business is in Washington State, but as we explain below that unsupported
15  allegation was factually incorrect as of the relevant time, when this action was commenced.

16        The Complaint also includes claims against Defendants Michael, Robert and Richard
17  Kennewick (the "Kennewicks").  These claims arise out of Peterson's former ownership of a
18  small amount of Voicebox common stock.  Complaint, ¶¶4.8, 4.21 (alleging Peterson owned
19  3/4ths of one percent of the company).  The Kennewicks were the founders and controlling
20  shareholders of Voicebox.  Complaint (Dkt. 1-1), ¶¶4.1, 4.3.  The Kennewicks negotiated the
21  sale of Voicebox to Nuance.  Complaint, ¶¶4.9-4.11.  Peterson asserts that the Kennewicks
22  breached fiduciary duties to Voicebox and its common shareholders by structuring the sale in a
23  fashion that benefited the Kennewicks to the detriment of Voicebox and the common
24  shareholders.  Complaint, ¶¶5.1-5.8.  Peterson asserts these claims as an individual former
25  shareholder, and also putatively on behalf of Voicebox (a putative shareholder derivative action).
26  Complaint, ¶¶1.3, 5.1-5.8.  Only the Kennewicks are defendants on these claim; Peterson does

DEFENDANTS NUANCE COMMUNICATIONS,
INC.'S AND VOICEBOX TECHNOLOGIES
CORPORATION'S OPPOSITION TO MOTION  - 3
TO REMAND
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

*not* assert these claims against Voicebox or Nuance. Complaint (Dkt. 1-1), ¶¶5.1-5.8. We will refer to these claims as the "Shareholder Lawsuit."

## II.  SUMMARY OF ARGUMENT

Peterson combined two unrelated lawsuits against different defendants into one complaint, in violation of the Washington civil rules. The unremovable Shareholder Lawsuit against the Kennewicks has no factual or legal overlap whatsoever with the removable Employment Lawsuit against Voicebox and Nuance. The two lawsuits were plainly misjoined.

Peterson now seeks to leverage his improper pleading to defeat Voicebox's and Nuance's constitutional right of removal to federal court. But these facts involve what has been called "fraudulent *mis*joinder," and require that this Court sever and remand (or dismiss without prejudice) the misjoined claims so as not to prejudice Voicebox's and Nuance's constitutional right to a federal forum. This result is called for by Supreme Court case law, analogous Ninth Circuit case law applying the doctrine of "fraudulent joinder" to dismiss baseless claims asserted against non-diverse defendants, and case law from the Eleventh and Fifth Circuits expressly adopting or approving the doctrine of "fraudulent *mis*joinder." Peterson's assertion that fraudulent misjoinder has been rejected by the Ninth Circuit is false, and he is unable to cite any Supreme Court or Circuit Court of Appeals case law undermining the doctrine. The district courts are split on the question, but the decisions that have declined to apply the doctrine are not persuasive in a case such as this one, in which the misjoinder is clear and, as such, "egregious."

## III.  DISCUSSION

**A.  There is Complete Diversity of Citizenship With Respect to the Employment Lawsuit**

Peterson has presented no argument that complete diversity is lacking with respect to the Employment Lawsuit. For avoidance of doubt, however, we will respond here to his factual allegation (in his Complaint) that Voicebox's principal place of business is in Washington State. That allegation, if true, would destroy complete diversity. But it is not true.

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 4
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

The principal place of business of a corporation is determined using the "never center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). Under that test, the "principal place of business" is the place:

> where a corporation's officers direct, control, and coordinate the corporation's activities. . . . [I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."

*Id*.

Before Nuance bought Voicebox, Voicebox's principal place of business was in Washington State. The relevant time for determining Voicebox's citizenship, however, is when the lawsuit was commenced. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). This lawsuit was commenced by service on August 7, 2018. Declaration of Gregory J. Hallon (Dkt. 11), ¶¶2-3. By that time, four months after Nuance purchased Voicebox, Voicebox had relocated its "nerve center" to Massachusetts by replacing its former Washington State executive officers with individuals at Nuance's Massachusetts headquarters. Fitzgerald Decl.,¶2. Peterson has submitted no admissible evidence on this point, as is required when a plaintiff questions a removing party's pleading of jurisdictional facts. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

Also for avoidance of doubt with regard to complete diversity, we note that Voicebox is not properly alleged to be a putative party ***plaintiff***, and thus its purported plaintiff status should be disregarded for purposes of subject matter jurisdiction. Voicebox of course cannot be a plaintiff with regard to the Employment Lawsuit, because the Employment lawsuit is a claim for wages allegedly owed to Peterson *by* Voicebox. Voicebox also is not a proper party plaintiff in the Shareholder Lawsuit. Peterson purports to bring a shareholder suit derivatively on behalf of Voicebox, but an absolute standing requirement for such a suit is that the plaintiff must be a

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND
Case No. 2:18-cv-01302-BJR

- 5 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

shareholder throughout the course of the lawsuit. *Arkansas Teacher Ret. Sys. v. Countrywide Fin Corp.*, 75 A.3d 888, 894 (Del. 2013); *Sound Infiniti, Inc. v. Snyder*, 169 Wn.2d 199, 212-14, 237 P.3d 241 (2010). Peterson admits in his Complaint that he sold his Voicebox stock to Nuance. Complaint (Dkt. 1-1), ¶¶4.11, 4.21. Nuance and Voicebox pointed this deficiency out in their Notice of Removal. Notice of Removal (Dkt. 1), ¶¶15-19. Peterson has made no effort to rebut this showing. Motion to Remand, p. 8 n.2. Because the putative shareholder derivative claim must be dismissed on the pleadings, Voicebox as a putative plaintiff is fraudulently joined and must be disregarded when determining the existence of complete diversity. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426-27 (9th Cir. 1989) (a plaintiff is deemed to be fraudulently joined when he is shown to lack standing to sue).

**B.      The Shareholder Lawsuit Was Plainly Misjoined in Violation of Rule 20(a).**

There is no overlap of the Shareholder Lawsuit with the Employee Lawsuit. The two have no relevant transaction or occurrence in common, no relevant factual dispute in common, and no relevant legal issue in common. As such, Peterson's joinder of the two lawsuits was improper.

The Shareholder Lawsuit against the non-diverse Kennewicks is premised exclusively on Peterson's claim that the Kennewicks structured their sale of Voicebox to Nuance so as to personally enrich themselves at the expense of Voicebox and its common stockholders, including Peterson. Complaint, ¶¶Pars. 4.1-4.30, 5.1-5.7. In contrast, the Employment Lawsuit against Voicebox and Nuance is premised exclusively on the claim that Voicebox failed to pay severance pay allegedly due under Peterson's Severance Agreement. Complaint, Par. ¶¶4.31-4.34, 6.1-8.6. The Shareholder Lawsuit will turn exclusively on how the Kennewicks structured the sale of Voicebox to Nuance. The Employment Lawsuit will turn exclusively on how Peterson's severance payout under his Severance Agreement should have been calculated. The claims are wholly distinct, and joinder was improper.

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 6
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

The rules for joinder in state and federal court are materially identical. Joinder of defendants is permitted *only* if *both* (a) the claims against all defendants arise out of the same transaction or occurrence, *and* (b) a question of law or fact common to all defendants will arise in the case. Washington State Superior Court Civil Rule 20(a) permits joinder only if:

> there is asserted against [all defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Federal Rule of Civil Procedure 20(a)(2) permits joinder only if:

> any right to relief is asserted against [all defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Washington courts apply federal rule interpretations where, as here, the state rule is patterned after the federal rule. *Carle v. Earth Stove, Inc.*, 35 Wn. App. 904, 907, 670 P.2d 1086, 1088 (1983).

The first requirement of the joinder rule – that the claims must arise out of the same transaction or occurrence – "requires factual similarity in the ***allegations supporting Plaintiffs' claims***." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (emphasis added). It is not enough that the events were chained in a sequence or involved the same persons. *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1128 (C.D. Cal. 2016). Rather, the relevant similarity must be material to the claims alleged. *Id.*

Peterson fails to show any relevant factual connection between his two lawsuits. He says that the sale of Voicebox to Nuance set a "chain of events into motion" that resulted in Nuance "terminating Voicebox's highly compensated employees, including Peterson, promptly after the transaction was completed." Motion to Remand, p. 12. That may be so, but the events that caused Peterson's termination are irrelevant to the sole issue in the Employment Lawsuit, which is how Peterson's severance offer should have been calculated. Peterson does not allege

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 7
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

wrongfully termination, so the reason for his termination is irrelevant. Peterson then says that "Defendants entered into a [sale] transaction together designed to extract the value of Voicebox for themselves at the expense of other stakeholders," citing ¶¶4.11-4.16 of the Complaint. Motion to Remand, p. 13. But those allegations relate solely to the Shareholder Lawsuit; they have nothing to do with the Employment Lawsuit. As between the Shareholder Lawsuit and the Employment Lawsuit, Peterson fails to show material "factual similarity in the ***allegations supporting Plaintiff's claims***." *Visendi*, 733 F.3d at 870 (emphasis added).

Peterson also has failed to articulate a single question of law or fact that is common to both the Employment Lawsuit and the Shareholder Lawsuit. His only argument on that point is that Nuance may be liable for aiding and abetting the Kennewicks' alleged breaches of fiduciary duties. Motion to Remand, p. 13. But again, that relates solely to the Shareholder Lawsuit. It has nothing to do with how Peterson's severance payout should have been calculated. Also, Peterson has not sued Nuance on his hypothetical claim that Nuance aided and abetted the Kennewicks. Complaint (Dkt. 1-1), ¶5.8. Further, even if Peterson had sued Nuance in the Shareholder Lawsuit, it would still have been improper to join the Employment Lawsuit with it, because Voicebox, an indispensable party to the Employment Lawsuit, is not alleged to be even a potential defendant in the Shareholder Lawsuit.[3]

Peterson also says judicial economy is a reason to permit joinder. But requiring unrelated claims against different defendants to be litigated together in one lawsuit is a recipe for waste, not judicial economy. Further, alleged economy alone is not a basis for joinder under Rule 20.

In summary, there is no overlap in relevant facts or legal issues between the Employment Lawsuit and the Shareholder Lawsuit. Joinder was improper.

---

[3] Moreover, Voicebox is the *only* proper defendant in the Employment Lawsuit. As the Complaint makes clear, Voicebox was Peterson's sole employer, and Voicebox is the sole party with Peterson to the Severance Agreement on which he sues. Peterson presumably relies on RCW 49.52.070 as his basis for joining Nuance, but the Complaint fails to plead facts showing that Nuance was an officer, vice principal or managing agent of Peterson's employer. To the extent relevant to the diversity analysis, Nuance should be treated as having been "fraudulently joined" as a defendant in the Employment Lawsuit.

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND

Case No. 2:18-cv-01302-BJR

- 8 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

**C.    Removal Was Not Defeated by the Misjoinder of the Shareholder Lawsuit**

**1.    An Obvious Misjoinder of Nondiverse Defendants Must Be Ignored, Whether Termed "Fradulent Joinder" or "Fraudulent Misjoinder"**

Nuance and Voicebox have a "constitutional right as a citizen of a different state than the plaintiff, to choose a federal forum." *Texas & P. Ry. Co. v. Cody*, 166 U.S. 606, 609, 17 S. Ct. 703, 705, 41 L. Ed. 1132 (1897). This constitutional right cannot be defeated by a plaintiff's improper pleading. *Id*. (removal not defeated by plaintiff's incorrect assertion of a party's citizenship); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921) (removal not defeated by plaintiff's joinder of a non-diverse defendant "having no real connection with the controversy").

A well-trodden aspect of this doctrine is that the presence of what are termed "fraudulently joined" defendants does not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The term "fraudulent" does not connote fraudulent conduct or an intent to avoid federal jurisdiction. Rather, it is a "term of art" that applies whenever "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Put another way, if there was no lawful basis for including a non-diverse defendant, and the problem is obvious according to applicable state law, that defendant is disregarded when determining removability.[4]

The well-developed law on fraudulent joinder has most commonly involved situations in which there is an obvious failure by the plaintiff to state a claim against non-diverse defendants. The case at bar presents a slightly different variety of fraudulent joinder – a case where it is obvious that the plaintiff had no lawful basis to join potentially valid but entirely unrelated

---

[4] (Peterson say *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001), held that fraudulent joinder requires that the joinder was "a 'sham' or 'fraudulent.'" Motion to Remand, p. 5. In fact, *Morris* does not use the word "sham," and it cites *McCabe* for the rule that joinder is "deemed fraudulent" if the plaintiff's failure to state a claim against the nondiverse defendant is "obvious according to the settled rules of the state." *Id*.)

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 9
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

claims. The underlying legal principle as articulated by the Supreme Court, however, applies with equal force.

The courts that have discussed this issue have tended to apply the term "fraudulent *mis*joinder" to this situation, and for convenience we will adopt the same terminology. This should not imply, however, any difference in the underlying legal principle. There is none.

Consistent with the requirement to protect a diverse defendant's constitutional removal right, the only two Courts of Appeal that have squarely addressed the issue have either applied the fraudulent joinder rule to fraudulent misjoinder, or have commented favorably on doing so. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (holding that a fraudulent misjoinder was a fraudulent joinder); *In re Benjamin Moore & Co.*, 309 F.3d 206 (5th Cir. 2002) (commenting favorably on the *Tapscott* approach).[5] As the Eleventh Circuit found in *Tapscott,* there is no principled basis for distinguishing between fraudulently joined defendants and fraudulently misjoined defendants:

> Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921).

*Tapscott*, 77 F.3d at 1360.[6]

The *Tapscott* rule is thus squarely supported by Supreme Court authority, Court of Appeals authority from the Eleventh and Fifth Circuits and, by analogy, by the Ninth Circuit case law applying the doctrine of fraudulent joinder. Peterson relies exclusively on selected district court decisions which, as we explain below, provide no proper basis to reject the *Tapscott*

---

[5] The Eighth and Tenth Circuits have noted but not resolved the question. *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014) (In appeal of CAFA removal, court "decline[d] to exercise our discretion to review the [non-CAFA] diversity jurisdiction issue"); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) ("We make no judgment on the propriety of the doctrine in this case, and decline to either adopt or reject it at this time."). No Court of Appeals has rejected the *Tapscott* rule, including the Ninth Circuit.
[6] In addition to the fact that fraudulently misjoinder defendants do not defeat diversity, it is also not necessary that they join in the removal. *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505-06 (E.D. Cal. 2008). In any event, Peterson made no argument based on the fact that the Kennewicks did not join in the notice of removal.

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 10
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

rule. (Peterson's statements that the Ninth Circuit has "rejected" and "declined to adopt" the *Tapscott* rule are false. He has cited no authority in support of those assertions.)

### 2. If "Egregious" Misjoinder Is Required, That Standard is Satisfied Here

Peterson argues that fraudulent misjoinder must be "egregious." Motion to Remand, p. 10. This refers to a statement in the *Tapscott* decision that, in that court's view, a "mere misjoinder" will not automatically constitute fraudulent misjoinder, but a misjoinder may be "so egregious as to constitute fraudulent joinder." 77 F.3d at 1360. This was no more than the court's recognition that the claims in that case were plainly misjoined – a conclusion that applies equally here. Moreover, it would be inconsistent with the Ninth Circuit law on fraudulent joinder to require proof of intent to avoid federal jurisdiction, beyond the intent that can be readily inferred from an obvious misjoinder. As already noted, "fraudulent joinder" is a "term of art" that applies whenever "the plaintiff fails to state a cause of action against a resident defendant, *and the failure is obvious according to settled rules of the state*." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). The same "obviousness" standard, which is readily satisfied here, should apply to fraudulent misjoinder. *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) (severing and remanding misjoined claims while "reject[ing] the notion that Plaintiffs have committed an egregious act or fraud upon the Court"); *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W.V. 2004) (severing and remanding misjoined claims while rejecting egregiousness standard); *Burns v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 401, 403 (S.D.W. Va. 2004) (same).

For his theory that his misjoinder should survive absent a showing of "egregious or bad faith intent," Peterson cites *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 623 (8th Cir. 2010). Motion to Remand, p. 13. The *Prempro* court was not presented with the kind of egregious misjoinder in which Peterson has engaged, however. In *Prempro*, plaintiffs brought product liability actions against multiple manufacturers of hormone replacement therapy drugs.

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND
Case No. 2:18-cv-01302-BJR
- 11 -
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

The court found that, given the nature of the claims, the litigation was "likely to contain common questions or law and fact," such as "the causal link between HRT drugs and breast cancer." *Id*. at 623.  Here, by contrast, Peterson cannot show any relevant common questions of law or fact. The case at bar is thus much more like cases in which the courts have severed and remanded misjoined non-diverse claims.  *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (product liability claims against medical device developers were misjoined with medical malpractice claims against doctors involving the same medical device); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 412 (S.D. W.Va. 2005) (product liability claims against drug manufacturers were misjoined with claim against pharmacy that it failed to produce medical records related to the product liability claims); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-85 (D. Nev. 2004) (product liability claims against drug manufacturers were misjoined with medical malpractice claims against doctors involving the same drugs).

### 3. Peterson's Position Is Not Supported by District Court Decisions in the Western District of Washington

Peterson says the district courts in the Western District of Washington have "uniformly rejected" the *Tapscott* rule.  Motion to Remand, p. 9.  This statement is, at best, misleading. Three district court judges in the Western District have declined to apply the rule in unpublished opinions, but all of those cases involved circumstances where there was—unlike here—an overlap of factual or legal issues the provided at least an arguable basis for joinder. *Ramirez v. Our Lady of Lourdes Hosp. at Pasco*, 2013 U.S. Dist. LEXIS 137923 at *11, 2013 WL 5373213 (W.D. Wash. Sept. 25, 2013) (Martinez, J.) ("Here, the claims against both groups of defendants concern overlapping factual and legal questions and it cannot be said that joinder was egregious."); *J.S. v Vill. Voice Media Holdings, LLC*, 2013 U.S. Dist. LEXIS 29881 at *9, 2013 WL 811438 (W.D. Wash. Mar. 5, 2013) (Settle, J.) ("It is difficult for this Court to understand how there is 'no real connection' between the claims against the diverse and nondiverse defendants when it is alleged that the defendants conspired to use the Backpage.com website as a

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND
Case No. 2:18-cv-01302-BJR

- 12

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

means to sexually exploit Plaintiffs."); *Xavier v. Allstate Prop. & Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 199931 at *6, 2012 WL 13024685 (W.D. Wash. Aug. 29, 2006) (Jones, J.) (In a case in which the claims against both defendants arose out of the same property loss, the court ruled that because the Ninth Circuit "has not adopted the Eleventh Circuit's 'fraudulent misjoinder' theory, this court finds no occasion to do so now.")

### 4. Peterson's Position Is Not Supported by District Court Decisions Elsewhere

"The District Courts, including those in the Ninth Circuit, are split concerning the applicability of the *Tapscott* fraudulent misjoinder exception and the basis upon which it is applied." *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503-04 (E.D. Cal. 2008) (adopting the *Tapscott* rule). Nothing in this body of conflicting trial court decisions provides an appropriate basis to allow Peterson's plainly improper pleading to prejudice Nuance's and Voicebox's constitutional right to remove.

The better reasoned district court decisions, such as *Sutton*, have followed *Tapscott*. These decisions are exemplified by *Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004), another reported decision from within the Ninth Circuit, in which the court stated:

> Although the Ninth Circuit has not yet published an opinion addressing the fraudulent misjoinder rule, this Court agrees with the Fifth and Eleventh Circuits that the rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court.

344 F. Supp. 2d at 684-85. Many other published district court decisions have also followed *Tapscott*. They include the following (excluding decisions from within the Eleventh and Fifth Circuits, where the Courts of Appeal have already adopted or commented favorably on *Tapscott*): *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 412 (S.D. W.Va. 2005); *Grennell v. W.S. Life Ins. Co.*, 298 F. Supp. 2d 390, 400 (S.D. W.Va. 2004); *Burns v. W.S. Life Ins. Co.*, 298 F. Supp. 2d 401, 403 (S.D. W.Va. 2004); and *In re Diet Drugs Prod. Liab. Litig.*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003). Unreported decisions following *Tapscott* from

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 13
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

outside the Eleventh and Fifth Circuits include: *In re Stryker Rejuvenate & ABG II Hip Implant Prod. Liab. Litig.*, 2013 WL 6511855 at *4 (D. Minn. Dec. 12, 2013); *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 2007 WL 2572048 at *1-3 (D. Minn. Aug. 30, 2007); *and Asher v. Minn. Mining & Mfg. Co.*, 2005 WL 1593941 at *4-7 (E.D. Ky. June 30, 2005).

Other district court have declined to apply the *Tapscott* rule for various reasons, but their analysis does not provide a basis for rejecting its application in the case at bar.

Some district courts have declined to apply *Tapscott* where the facts provided a reasonable basis for joinder. The case of *Target Constr., Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 143916, 2014 WL 5048241 (D. Nev. Oct. 9, 2014), cited by Peterson, falls into this category, along with the three Western District of Washington decisions that Peterson has cited. These cases are readily distinguishable given that, in the case at bar, there is plainly no transactional, factual or legal commonality between the Shareholder Lawsuit and the Employment Lawsuit.

Some district courts have declined to adopt *Tapscott* because the Ninth Circuit has not yet directly addressed the subject. The case of *Jurin v. Transamerica Life Ins. Co.,* 2014 U.S. Dist. LEXIS 123569, 2014 WL 4364901 (N.D. Cal. Sept. 3, 2014), cited by Peterson, falls in this category. But the mere fact that a specific issue has not yet reached the Ninth Circuit is not an appropriate basis for decision. Indeed, because decisions remanding conventional (non-CAFA) diversity removals are unreviewable, such an approach is likely to be a self-fulfilling prophesy by ensuring the Ninth Circuit is not given an opportunity to address the question.

Some district courts have concluded that the better course is to permit the misjoinder issue to be addressed by the state court in the first instance, after which removal can occur. Cases cited by Peterson that fall in this category are *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127-28 (E.D. Cal. 2004) ("no reason" to adopt the fraudulent misjoinder doctrine, because the "better rule" would wait until the misjoinder was resolved in the state court, after

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND
Case No. 2:18-cv-01302-BJR
- 14 -
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

which the defendant could remove), and *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) ("In the Court's view, whether viable state-law claims have been misjoined – even "egregiously" misjoined – is a matter to be resolved by a state court."). This is not a viable approach, however, unless the court was able to construct an exception to the rule that an involuntary state court ruling removing non-diverse defendants cannot create diversity jurisdiction. *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978) ("where the case is not removable because of joinder of defendants, [it can only be made so] by the voluntary dismissal or nonsuit by him of a party or of parties defendant").

Some district courts have stated they do not wish to add procedural complexity to the question of removal. As can be seen by this case, however, there is no greater procedural complexity involved in applying the *Tapscott* rule than there is in applying fraudulent joinder when there is no viable basis for the claim asserted against the non-diverse defendant.

Finally, some district court decisions have stated a concern that a district court lacks jurisdiction to sever a misjoined claim over which it has no jurisdiction. But there is no basis for this concern. Article III of the U.S. Constitution gives the district court power to drop a defendant before assuming subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585, 119 S.Ct. 1563, 143 L. Ed. 2d 760 (1999). A court dropping a party, severing a claim, or remanding on non-merits grounds does not exercise jurisdiction because it "makes no assumption of law-declaring power." 526 U.S. at 584-85. The Court's recognized power to dismiss a "fraudulently joined" party before assuming diversity jurisdiction is just one example of this power.

## IV.  CONCLUSION

Peterson improperly joined two separate and distinct lawsuits, one removable and one not. Supreme Court and Court of Appeals case law shows that this Court can and should correct this procedural defect. This Court should sever and remand the nonremovable Shareholder

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 15
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

Lawsuit (or dismiss it without prejudice), while retaining the removable Employment Lawsuit over which the Court has diversity jurisdiction.

Dated: October 22, 2018

/s/ *Daniel L. Thieme*
Daniel L. Thieme, WSBA #12855

/s/ *Jeremy F. Wood*
Jeremy F. Wood, WSBA #51803

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
Phone: 206.623.3300
Fax:         206.447.6965
E-Mail:     dthieme@littler.com

Attorneys for Defendants
NUANCE COMMUNICATIONS, INC., and VOICEBOX TECHNOLOGIES CORPORATION

Of Counsel for These Defendants:

/s/ *Garrett B. Moritz*
Garrett B. Moritz, Delaware Bar #5646
Admitted *Pro Hac Vice*

ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
Phone:      302.576.1600
Fax:         302.576.1100
E-Mail:     gmoritz@ramllp.com

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND
Case No. 2:18-cv-01302-BJR

- 16 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on October 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system who will send notification of such filing to the following:

| **Attorneys for Plaintiff** | **Attorneys for Kennewick Defendants** |
|---|---|
| Gregory J. Hollon, WSBA #26311<br>ghollon@mcnaul.com<br>Curtis C. Isacke, WSBA #49303<br>cisacke@mcnaul.com<br>McNAUL EBEL NAWROT & HELGREN PLLC<br>600 University St., Suite 2700<br>Seattle, WA 98101<br>Phone: 206-467-1816<br><br>Michael C. Subit, WSBA #29189<br>msubit@frankfreed.com<br>FRANK FREED SUBIT & THOMAS LLP<br>705 Second Ave., Suite 1200<br>Seattle, WA 98104-1798<br>Phone: 206-682-6711 | Anne Cohen, WSBA #41183<br>annec@thenelllawgroup.com<br>THENELL LAW GROUP, P.C.<br>12909 SW 68th Parkway, Suite 290<br>Portland, OR 97223<br>Phone: 503-372-6450 |

Executed on October 22, 2018, at Seattle, Washington.

*s/ Colette Pringle-Saunders*
Colette Pringle-Saunders
cpsaunders@littler.com
**LITTLER MENDELSON, P.C.**

FIRMWIDE:158689997.4 053491.1026

DEFENDANTS NUANCE COMMUNICATIONS, INC.'S AND VOICEBOX TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND - 17
Case No. 2:18-cv-01302-BJR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300